**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jace F. Eden, | No. CV-15-08020-PCT-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Jace Eden filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On January 12, 2016, Magistrate Judge Metcalf issued a 65-page Report and Recommendation ("R&R") that the Petition be dismissed with prejudice. Doc. 34 at 64.  Petitioner objected to the R&R.  Doc. 37.  The Court will deny the objections and accept Judge Metcalf's recommendations in full.

**I.    Background.**

Petitioner seeks habeas relief from a sentence imposed by the Navajo County Superior Court on April 5, 2012.  That sentence is based on the revocation of probation in two cases: (1) a 2007 aggravated driving under the influence ("DUI") conviction; and (2) a 2009 stalking conviction.   It is also based on two new convictions: (1) a 2009 aggravated DUI; and (2) a 2011 sexual abuse.  Petitioner entered into a consolidated plea agreement and received an effective sentence of 5.75 years.

**A.      2007 DUI, CR2007-01075 and CR2009-00017.**

Petitioner was indicted twice for events occurring on or about June 7, 2007. Doc. 26-1 at 13 (CR2007-01075), 18-19 (CR2009-00017).  The first indictment included one count for aggravated DUI on a suspended license.  *Id.* at 13.  The second indictment included two counts: (1) aggravated DUI as a third DUI offense within 84 months; and (2) aggravated DUI with a blood alcohol content of 0.08 percent or more as a third DUI offense within 84 months.  *Id.* at 18.  The cases were subsequently consolidated for purposes of trial under Rule 13.3 of the Arizona Rules of Criminal Procedure.  *Id.* at 27.  Petitioner was represented in this consolidated matter by attorney Kate Roberts.  *Id.* at 15.

After a two-day trial, the jury returned the following verdict: (1) not guilty as to count one, aggravated DUI with a suspended license; (2) guilty of the lesser-included offense of count one of driving while impaired to the slightest degree; (3) guilty as to count two, aggravated DUI as a third DUI offense within 84 months; and (4) guilty as to count three, aggravated DUI with a blood alcohol content of 0.08 percent or more as a third DUI offense within 84 months.  Docs. 26-1 at 135; 26-2 at 58-65.  On August 27, 2009, Petitioner was sentenced to four months of incarceration with credit for one day already served, and four years of probation, to run concurrently.  Doc. 26-2 at 69-70, 95.

Petitioner challenged his conviction on direct appeal.  Petitioner was represented during the appeal by attorney Benjamin Brewer.  *Id.* at 97.  Petitioner raised four arguments: (1) the trial court erred in denying his request for sanctions based on the State's untimely disclosure of the traffic stop and DUI investigation recording; (2) he was denied due process by the recording's untimely disclosure; (3) he was denied the right to cross-examine and confront witnesses with the recording; and (4) the trial court erred in denying his request to stay his imprisonment pending appeal.  *Id.* at 98.  The Court of Appeals rejected each argument.  *Id.* at 111.  The court vacated, *sua sponte*, Petitioner's conviction of the lesser-included offense of count one, driving while impaired to the slightest degree, because it was also a lesser-included offense of the aggravated DUI as a third DUI offense within 84 months charge, of which he was convicted.  *Id.* at 111-13.

The court found that this duplicate conviction violated Petitioner's double jeopardy rights. *Id.* at 113.

Petitioner filed a petition for review with the Arizona Supreme Court. *Id.* at 116-25. Petitioner sought review only on the trial court's failure to grant a continuance as a sanction for the State's untimely disclosure of the recording. *Id.* at 117. On August 1, 2011, the Arizona Supreme Court denied the petition for review. *Id.* at 127-28.

**B.    2009 Stalking, CR2009-00700.**

Petitioner was indicted for events that occurred between February 2007 and April 2009. The indictment contained counts of stalking and influencing a witness. *Id.* at 156-57. Petitioner was represented by attorney Kate Roberts. *Id.* at 186. After a two-day bench trial, the court entered a verdict of: (1) guilty as to the stalking count; and (2) not guilty of influencing a witness. *Id.* at 192. On July 9, 2010, Petitioner was sentenced to two days incarceration with credit for two days already served, and three years of probation, to run concurrently with his probation term from the 2007 DUI. *Id.* at 221-22. Petitioner did not appeal the conviction or sentence. Doc. 34 at 6.

**C.    2009 DUI, CR2009-00960.**

Petitioner was indicted for events occurring on August 16, 2009. The indictment contained two counts: (1) aggravated DUI as a third DUI offense within 84 months; and (2) aggravated DUI with a blood alcohol content of 0.08 percent or more as a third DUI offense within 84 months. Doc. 26-3 at 12-13. The indictment was subsequently amended to allege Petitioner's prior felony convictions and his probationer status as of August 16, 2009. *Id.* at 24-26. Petitioner was represented by attorney Benjamin Brewer until May 25, 2011, at which point attorneys Ronald Wood and Dirk LeGate appeared on his behalf. Docs. 26-3 at 28; 26-4 at 23.

**D.    2011 Sexual Abuse, CR2011-00340.**

Petitioner was indicted for events occurring on or about May 13, 2011. The indictment was for sexual assault. Doc. 26-4 at 166. The indictment was subsequently amended to allege Petitioner's prior felony convictions and his probationary status as of

May 13, 2011.  *Id.* at 182-84.  Petitioner was represented attorneys Ronald Wood and Dirk LeGate.  Doc. 26-4 at 23.

**E.    Consolidated Plea Agreement.**

On September 1, 2011, Petitioner entered into a consolidated plea agreement covering the 2009 DUI charge, the 2011 sexual abuse charge, and the probation violations related to the 2007 DUI conviction and the 2009 stalking conviction.  Doc. 26-4 at 154-56; *see also* Doc. 26-5 at 32-37.  Petitioner was represented during the change of plea hearing by attorney Dirk LeGate.  Doc. 26-4 at 154.

On December 13, 2011, Petitioner was not present for sentencing and the court issued a warrant for his arrest.  Doc. 26-5 at 39.  Attorneys Wood and LeGate were permitted to withdraw from representation.  *Id.* at 41-42.

On December 28, 2011, Petitioner made an initial appearance on his bench warrant.  *Id.* at 44.  The court appointed attorney Sam Roser to represent Petitioner during sentencing, which occurred on April 5, 2012.  *Id.* at 46-47, 70-73.  Petitioner was sentenced to 5 years' imprisonment for the sexual abuse charge and 4.5 years for the aggravated DUI charge, to run concurrently.  *Id.* at 71-72.  Petitioner also received additional a concurrent sentence for violation of his probation from the 2007 DUI conviction.  *Id.* at 73-74.  Because Petitioner violated the terms of his probation for the 2009 stalking charge, he received an additional 0.75 year sentence to run consecutively to the other sentences.  *Id.* at 75.  Petitioner therefore received an effective sentence of 5.75 years, less time served, for the 2009 DUI conviction, the 2011 sexual abuse conviction, and violation of probation for the 2007 DUI conviction and the 2009 stalking conviction.  Petitioner did not appeal.  *Id.* at 79.

**F.    Subsequent Proceedings.**

On May 25, 2012, Petitioner filed a pro se notice of post-conviction relief in the Navajo County Superior Court.  *Id.* at 79-80.  Attorney Brett Rigg subsequently appeared to represent Petitioner.  *Id.* at 82.  Rigg filed a notice of no colorable issues in the Superior Court and sought withdrawal, which the court granted.  *Id.* at 85-86, 88.

On June 3, 2013, Petitioner filed a pro se petition for post-conviction relief. *Id.* at 91-122. His Rule 32 petition focused on alleged failings of his prior counsel, including attorneys Brewer, Wood, Roser, and Rigg. *Id.* at 92. The petition also alleged various forms of misconduct involving prosecutors and judges. *Id.* at 100-03. The court dismissed Petitioner's Rule 32 petition. Doc. 26-6 at 99-114.

Petitioner filed several motions related to his Rule 32 petition, each of which was denied. First, Petitioner sought an injunction to obtain DNA testing in connection with the 2011 sexual abuse charge. *Id.* at 19. The court denied his request, finding that Petitioner had not provided a reasonable probability he would not have been convicted or would have obtained a more favorable sentence had DNA testing been conducted. *Id.* at 59-60. Second, Petitioner sought court records and transcripts as part of his Rule 32 proceedings. *Id.* at 2-4. The court ordered that he receive two transcripts, but not a January 21, 2011 transcript. *Id.* at 6. Third, Petitioner filed a request for discovery and an evidentiary hearing (*id.* at 62-65), which was denied (Doc. 27-5 at 79). Fourth, Petitioner filed a motion for judgment by default because the State had failed to timely respond (Doc. 26-6 at 79-81, 86-90, 92-94), which was denied (*id.* at 83, 96). Fifth, Petitioner filed a motion for leave to amend his Rule 32 petition (Doc. 26-7 at 14-19), which was also denied (*id.* at 69).

Petitioner filed a special action to appeal the dismissal of his petition for post-conviction relief. Docs. 26-7 at 71-73; 26-8 at 2-32. The Arizona Court of Appeals declined to exercise special action jurisdiction. Doc. 26-9 at 122-23.

## II.    Legal Standard.

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in

- 5 -

part, the findings or recommendations made by the magistrate judge.  Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

**III.    Analysis.**

Petitioner objected to Judge Metcalf's R&R on 17 different grounds.  The Court will refer to the objections using Petitioner's numbers.  *See* Doc. 37.

### A.    Grounds One and Two.

Grounds One and Two are closely related.  In Ground One, Petitioner asserts that Judge Metcalf erred in concluding that two of Petitioner's filings were untimely: his April 10, 2014 notice of appeal (Doc. 26-7 at 71-73) and his July 23, 2014 petition for review of the dismissal of his petition for post-conviction review (Doc. 37-4 at 17-35).  *See* Doc. 37 at 1, 17.  Petitioner argues that because he had requests for transcripts pending, the time within which he could file his petition for post-conviction review was tolled under A.R.S. § 13-4234(H) and Ariz. R. Crim. P. 32.4(d).  Doc. 37 at 17.  Petitioner asserts that the time between the filing of his notice, May 25, 2012 (*see* Doc. 37-1 at 7), and the date on which he received his last records, April 1, 2014 (*see id.* at 9), was tolled.  Doc. 37 at 17.  In Ground Two, Petitioner asserts that a miscarriage of justice occurred as a result of having to file his petition for post-conviction review before receiving the outstanding transcript.  *Id.* at 2-3.

Both grounds lack merit.  The Ninth Circuit "has specifically stated that federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings."  *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (citations omitted) (finding state court judge's violation of Ariz. R. Crim. P. 32.4(c) during post-conviction proceedings inappropriate for federal habeas relief).  Even if Petitioner's allegations that the trial court violated A.R.S. § 13-4234(H) and Ariz. R. Crim. P. 32.4(d) are true, this Court may not correct these errors on habeas review.  Moreover, Petitioner has not asserted any specific harm or prejudice that resulted from being denied the transcripts.  The Court concludes that Petitioner's filings were untimely, and any claims contained within the petition for post-conviction review are procedurally barred.

**B.     Ground Three.**

Petitioner objects to Judge Metcalf's conclusion that claims raised for the first time in a petition for review before the Arizona Supreme Court were not fairly presented. Docs. 34 at 27; 37 at 4.  The Ninth Circuit has "held that to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review."  *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (citation omitted).  Raising "federal constitutional claims for the first and only time to the state's highest court on discretionary review" is not fair presentation.  *Id.* at 918.  Petitioner did not file a direct appeal of his convictions or sentences for the 2009 stalking charge, the 2009 DUI charge, or the 2011 sexual abuse charge.  Docs. 26-5 at 79; 34 at 6.  As a result, no claims arising from these proceedings could be fairly presented in a petition for review to the Arizona Supreme Court.  Petitioner did file a direct appeal of his conviction and sentence for his 2007 DUI.  *See* Doc. 26-2 at 97.  The Court carefully compared the four claims raised in Petitioner's direct appeal (*id.* at 98) with the claims raised in his petition for review (*see* Doc. 27-3 at 46-62), and finds that the claims raised in his petition for review were not raised on direct review.  The Court therefore finds that Petitioner's claims were not fairly presented in his petition for review to the Arizona Supreme Court.

**C.     Ground Four.**

Petitioner objects to Judge Metcalf's conclusion that Petitioner's double jeopardy claims in his special action to the Arizona Court of Appeals were not fairly presented because a special action is a discretionary proceeding.   Docs. 34 at 33-34; 37 at 5. Petitioner insists that his double jeopardy claims were fairly presented simply because they were presented to the Court of Appeals in a special action.  Doc. 37 at 5.  Because Petitioner fails to account for the unique characteristics of an interlocutory appeal in the double jeopardy context, the Court agrees with Judge Metcalf.

A claim raised for the first time in a discretionary proceeding, such as a special action, is not fairly presented for purposes of habeas review.  *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  A

double jeopardy claim, however, is fairly presented in a special action if it is used to obtain interlocutory[1] appellate review of the claim.  *See State v. Moody*, 94 P.3d 1119, 1133, ¶ 22 (Ariz. 2004) (citation omitted).  "The reasons underlying the preference for special action review of denials of motions to dismiss based on double jeopardy are obvious: Because the Double Jeopardy Clause guarantees the right to be free from subsequent prosecution, the clause is violated by the mere commencement of retrial."  *Id.* (citing *Abney v. United States*, 431 U.S. 651, 660-61 (1977)).  Petitioner raised a variety of double jeopardy claims in his special action proceedings (*see* Doc. 26-8 at 26), but not as interlocutory appellate review.  He brought those proceeding after the trial court's final ruling on the entire case.  Petitioner's double jeopardy claims were not fairly presented for purposes of habeas corpus review.

### D.    Ground Five.

Petitioner asserts that Judge Metcalf wrongly concluded that five claims for ineffective assistance of counsel were not raised in his petition for post-conviction review.  Docs. 34 at 45; 37 at 6.  The five claims are as follows: (1) in the 2007 DUI, Roberts failed to raise the double jeopardy violation regarding the lesser included offense; (2) in the 2007 DUI, Brewer failed to file charges of false imprisonment based on the double jeopardy violation; (3) in the 2009 DUI and 2011 sexual abuse charge, Roser failed to compare the presentence report with the plea agreement and failed to object to the use of the additional charges in the 2007 DUI as a sentence enhancement; (4) in the 2009 DUI and 2011 sexual abuse charge, Roser failed to correct sentencing errors in the plea agreement admitting the probation violations; and (5) in the 2009 DUI and 2011 sexual abuse charge, Roser failed to ensure the sentencing minute entry reflected the vacatur of his misdemeanor conviction in the 2007 DUI.  Doc. 34 at 45.

Claims presented for the first time in a petition for review of the denial of a petition for post-conviction review are unexhausted.  *See* Ariz. R. Crim. P. 32.9(c); *see*

---

[1] An interlocutory appeal is "[a]n appeal that occurs before the trial court's final ruling on the entire case."  *Black's Law Dictionary* (10th ed. 2014).

*also State v. Vera*, 334 P.3d 754, 756-57, ¶ 8 (Ariz. Ct. App. 2014).  Petitioner contends that the first claim was raised in his petition for post-conviction review.  *See* Doc. 37 at 6.  The Court disagrees.   The cited portion of the petition for post-conviction relief is discussing actions taken by Brewer, not Roberts.  Doc. 26-5 at 93.  The paragraph begins by referring to Brewer, not Roberts.  *Id.*   Roberts is not mentioned anywhere in that paragraph.   *Id.*   This ineffective assistance of counsel argument is clearly directed at Brewer, not Roberts.  The four other claims are similarly not contained in the petition for post-conviction relief.   Petitioner failed to present these five claims for ineffective assistance of counsel in his petition for post-conviction relief.

### E.    Ground Six.

Petitioner objects to Judge Metcalf's statement that Petitioner's counsel may have made "strategic choices" in declining to pursue certain claims.  Doc. 37 at 6.  Petitioner's objection is directed solely towards Judge Metcalf's formulation of the legal standard.  He does not object, in Ground Six, to Judge Metcalf's application of the legal standard.  A party wishing to object to magistrate judge's report and recommendation must file specific written objections.  Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).  Petitioner has failed to do so in this case.

### F.    Ground Seven.

Petitioner objects to Judge Metcalf's conclusion that "because, at the time Petitioner's [post-conviction relief] proceeding he had already fully served the sentence on the lesser included offense, any challenge by [post-conviction relief] counsel would have been futile."  Docs. 34 at 48; 37 at 7.  Petitioner asserts that had his counsel raised the double jeopardy issue, it would have "invalidated the indictment," which means that his subsequent convictions would not have resulted in probation violations and his 2007 DUI would not have been counted as a prior felony.  Doc. 37 at 7.  The Court does not agree.  Petitioner has not provided, nor has the Court found, authority for the proposition

that a double jeopardy violation vacates both the lesser included offense and the greater conviction.  The greater conviction in the 2007 DUI would still count as a prior felony and the subsequent convictions remain probation violations.   As Judge Metcalf concluded, because "the additional sentence was already served" and the greater offense from the 2007 DUI conviction stands, "any attack based on such sentence was moot." Doc. 34 at 48.

### G.    Ground Eight.

Judge Metcalf concluded that Petitioner could have earlier raised his ineffective assistance of counsel claims against attorney Roberts for her failure to raise the double jeopardy issue in connection with his 2007 DUI conviction.  Doc. 34 at 47-48.  Petitioner objects, arguing that his petition for post-conviction relief in 2012 was his first opportunity to raise this issue in the state courts.  Doc. 37 at 9.  The Court does not agree. First, even if it is true, Petitioner's allegation that "the trial court dropped the ball and never provided counsel" after he filed a notice of post-conviction relief does not entitle him to federal habeas relief.  *See Ortiz*, 149 F.3d at 939 (The Ninth Circuit "has specifically stated that federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.") (citations omitted).  Second, as discussed above, there can no continuing prejudice stemming from this ineffective assistance of counsel claim because the Court of Appeals vacated the conviction and Petitioner already served the additional sentence.

### H.    Ground Nine.

Petitioner argues that attorney Roser's failure to correct sentencing errors in the consolidated plea agreement constituted ineffective assistance of counsel.  Docs. 34 at 50-54; 37 at 10.   The sentencing error that Petitioner complains of is that the plea agreement lists the violations of the terms of his probation for CR2007-01075, and not for CR2009-00017.  Doc. 37 at 10.  Petitioner contends that he was prejudiced because he was not permitted to rescind the plea agreement at the sentencing hearing and proceed to trial on the charges.  *Id.*  The Court has closely reviewed the transcript of the April 5,

2012 sentencing hearing.  *See* Doc. 26-5 at 46-68.  There is no truth to the assertion that Petitioner requested, and was denied the ability, to rescind the plea agreement during the sentencing hearing.  The Court agrees with Judge Metcalf's conclusions that "it is clear that the parties utilized interchangeably the case numbers from the consolidated cases (CR2007-1075 and CR2009-0017) on the 2007 DUI," and that "Petitioner was admitting a violation of probation in the 2007 DUI and agreeing to be sentenced to a presumptive prison term for that violation."  Doc. 34 at 53.  Again, Judge Metcalf correctly concluded that "Petitioner ultimately received what he bargained for: a presumptive prison term on the aggravated DUI probation violation."  *Id.*

**I.      Grounds Ten, Eleven, and Twelve.**

Petitioner argues that Judge Metcalf erred by finding that his claim of actual innocence was based on speculation that DNA testing could prove his innocence.  Docs. 34 at 58-60; 37 at 11-12.  Petitioner asserts that DNA testing could prove his actual innocence with respect to the DUI charge (Ground Ten) and the 2011 sexual abuse charge (Ground Eleven), and that it was error to deny him an evidentiary hearing (Ground Twelve).  The Court again disagrees.

In Ground Ten, Petitioner asserts that the "State admitted that the blood test was *performed* outside the statutory window of 2 [hours], *see* A.R.S. [§] 28-1381(A)(2), which procedurally barred the State from using it as evidence."  Doc. 37 at 11 (emphasis added).    As an initial matter, Petitioner's interpretation of A.R.S. § 28-1381(A)(2) appears to be incorrect.  *See State v. Stanley*, 172 P.3d 848, 853, ¶ 24 (Ariz. Ct. App. 2007) ("To avoid additional evidentiary hurdles, the police typically need to have the blood sample *drawn* within two hours of the arrest.") (citing A.R.S. § 28-1381(A)(2) (emphasis added)).    More fundamentally, however, Petitioner seeks to improperly broaden his claim by asserting additional operative facts not presented to the state courts.  *Brown v. Easter*, 68 F.3d 1209, 1212 (9th Cir. 1995).  Petitioner's arguments involving DNA testing have all been directed at the sexual abuse case, not the DUI cases.  *See, e.g.*, Docs. 26-5 at 96-97; 26-6 at 19-20, 22-57; 26-8 at 25.  Petitioner's petition for a writ of

1   habeas corpus does not even address DNA testing in connection with Petitioner's DUIs.

2   *See* Doc. 1 at 21.  The Court therefore rejects Petitioner's Ground Ten.

3        In Ground Eleven, Petitioner contends that Judge Metcalf erred by rejecting

4   Petitioner's assertion that DNA testing in the sexual abuse case could prove his actual

5   innocence.  Docs. 34 at 58-60; 37 at 12.  Petitioner asserts that if he had "used his mouth,

6   penis, and/or fingers then the alleged victim['s] DNA would [have] been transferred onto

7   the Petitioner."  Doc. 37 at 12.  But Petitioner does not establish how this could exculpate

8   him from the sexual abuse.  As Judge Metcalf correctly notes, "[t]his case is not an

9   ordinary case of mistaken identification of a stranger as a rapist."  Doc. 34 at 59.  There is

10  ample incriminating evidence, even without inculpatory DNA evidence.  The victim

11  knew the Petitioner, she immediately identified him as the assailant, police officers found

12  Petitioner in the area where the victim was assaulted, and Petitioner was extremely

13  intoxicated.  *Id.*  Petitioner has failed to establish that DNA testing would show actual

14  innocence.  *United States v. Watson*, 792 F.3d 1174, 1180 (9th Cir. 2015) ("Where the

15  presence or absence of the movant's DNA would not show actual innocence, there is no

16  reason to test for it."); *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557

17  U.S. 52, 62 (2009) ("DNA testing alone does not always resolve a case.  Where there is

18  enough other incriminating evidence and an explanation for the DNA result, science

19  alone cannot prove a prisoner innocent.").  The Court therefore rejects Ground Eleven.

20       In Ground Twelve, Petitioner seeks an evidentiary hearing "because the lack of

21  DNA transfer will prove the innocence of the Petitioner" in the sexual abuse case.

22  Doc. 37 at 12.  The decision of whether to hold an evidentiary hearing is soundly within

23  the discretion of the district court.  *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir.

24  1993) (citation omitted).  A petitioner may be entitled to additional discovery if good

25  cause has been shown.  Section 2254 Rules 6(a).  As discussed above, Petitioner has

26  failed to establish good cause for conducting DNA testing.  Moreover, the question of

27  whether the prosecutor complied with ER 3.8(g) and (h) of the Arizona Rules of

28  Professional Conduct is not an appropriate issue for habeas review.  *See* 28 U.S.C.

§ 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.   In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).   The Court therefore rejects Ground Twelve.

### J.      Ground Thirteen.

Judge Metcalf concluded that because "all of Petitioner's claims are procedurally defaulted, discovery is only appropriate as necessary to establish cause and prejudice or Petitioner's actual innocence."   Doc. 34 at 61.   Petitioner objects to Judge Metcalf's conclusion that he should not be granted an evidentiary hearing because he has failed to establish cause and prejudice or actual innocence with respect to the Wood and Brewer interviews or the Roberts deposition.   Doc. 37 at 13.   The Court agrees with Judge Metcalf.   Petitioner fails to explain how the interviews or the Roberts deposition could establish his actual innocence.   The fact that he talked about legal strategy with his lawyers would not establish Petitioner's actual innocence.   In addition, Petitioner also alleges violations of A.R.S. § 13-4238(A) and Ariz. R. Crim. P. 32.8(a), which provide for evidentiary hearings during post-conviction proceedings in certain circumstances. Neither A.R.S. § 13-4238(A) nor Ariz. R. Crim. P. 32.8(a), however, provides an appropriate basis for federal habeas relief.   *See Ortiz*, 149 F.3d at 939 (The Ninth Circuit "has specifically stated that federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.") (citations omitted).   The Court rejects Ground Thirteen.

### K.      Ground Fourteen.

Petitioner objects to Judge Metcalf's conclusion that Petitioner has failed to establish how the complete booking video of his arrest for the 2007 DUI would establish his actual innocence.   Docs. 34 at 61; 37 at 14.   Petitioner argues that the lack of the complete booking video constitutes "prosecutorial misconduct causing the trial court['s] judgment to be voided."   Doc. 37 at 14.   The Court disagrees.   As Judge Metcalf correctly

concluded, "[a]t most, Petitioner suggests that [the complete booking video] would reflect a falsification of the timing of the blood draw," but he "fails to show that such falsification would establish his actual innocence."  Doc. 34 at 6.  The Court therefore rejects Ground Fourteen.

### L.    Ground Fifteen.

Petitioner once again argues that his petition was not untimely, and therefore procedurally barred, based on the pending requests for transcripts.  Doc. 37 at 15.  This is merely a repackaging of Grounds One and Two.  *See supra* Section III(A).  For the reasons stated above, the Court rejects Ground Fifteen.

### M.    Grounds Sixteen and Seventeen.

In Ground Sixteen, Petitioner objects to Judge Metcalf's statement that "any ineffectiveness of [post-conviction relief] counsel in failing to raise [five claims of ineffective assistance of counsel against trial and appellate counsel set forth above in Ground Five] could constitute cause under *Martinez* [*v. Ryan*, 132 S. Ct. 1309 (2012)]."  Docs. 34 at 46; 37 at 16.  In Ground Seventeen, Petitioner argues that the trial court's correction of a sentencing error proved that attorney Rigg provided ineffective assistance.  Docs. 34 at 10; 37 at 16.  A party wishing to object to a magistrate judge's report and recommendation must file specific written objections. Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).  Petitioner fails to argue with any specificity that any of the five claims in Ground Sixteen constitute cause under *Martinez*.  Nor does he specifically object to any portion of Judge Metcalf's R&R in Ground Seventeen.  The Court therefore rejects Grounds Sixteen and Seventeen.

**IT IS ORDERED:**

1.      Magistrate Judge Metcalf's R&R (Doc. 34) is **accepted**, Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**, and a certificate of appealability is **denied**.

2.      The Clerk is directed to terminate this action.

Dated this 11th day of March, 2016.

David G. Campbell
United States District Judge